UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:16-cv-23694-FAM

CARMEN PARRA,

    Plaintiff,

vs.

R.F. ORCHIDS, INC. a Florida for Profit Corporation, and ROBERT FUCHS, an individual,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, CARMEN PARRA, and Defendants, R.F. ORCHIDS, INC. and ROBERT FUCHS, hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

Parra filed the instant action against Defendants on or around August 29, 2016, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* Specifically, Parra alleged she was owed unpaid minimum wage and overtime compensation under the FLSA. Defendants deny Plaintiff's allegations.

Thereafter, the Parties engaged in good faith settlement negotiations, and on or around October 14, 2016, to avoid the uncertainty and continued costs of litigation, reached a settlement agreement with no admission of liability. The Parties' agreement will be memorialized in a document titled FLSA Settlement Agreement ("Agreement") which they have requested permission to file under seal for *in camera* review, pursuant to the Parties' pending Joint Motion

#5353455 v1

to File Settlement Agreement Under Seal [DE #16]. A copy of the Agreement will be provided to the Court for review pending the Court's decision with regard to the Parties' Joint Motion to File Settlement Agreement Under Seal.

## **MEMORANDUM OF LAW**

As a general rule, the FLSA's provisions are "mandatory," meaning that they generally are not subject to negotiation or bargaining between employer and employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), *citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). There are two ways, however, that FLSA claims *may* be settled, compromised, or released by an employee. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which does apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FTM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same). When asked to review and approve the

terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

The parties respectfully request that the Court approve the Agreement and dismiss Parra's FLSA action with prejudice, each party to bear its own costs, fees, and expenses (except as otherwise set forth in the Agreement with respect to attorneys' fees). The parties respectfully submit that the agreed-upon terms of the Agreement are fair and reasonable in light of the relevant factors. *Id.* at 1145-46.

WHEREFORE, Plaintiff, CARMEN PARRA and Defendants, R.F. ORCHIDS, INC. and ROBERT FUCHS respectfully request that this Court enter an Order: (i) approving the Agreement; (ii) finding that the Agreement is a fair and reasonable resolution of this matter; (iii) dismissing this action with prejudice; and (iv) any such other and further relief the Court deems equitable and just.

A proposed Order is attached hereto as Exhibit "A".

Dated: November 14, 2016        Respectfully submitted,
       Miami, Florida

| | |
|---|---|
| LAW OFFICE OF LOWELL J. KUVIN, LLC<br>17 East Flagler Street<br>Suite 223<br>Miami, Florida 33131<br>Telephone: (305) 358-6800<br>Facsimile: (305) 358-6808<br><br>s/Lowell J. Kuvin<br>Lowell J. Kuvin, Esq.<br>Florida Bar No.: 53072<br>E-mail: Lowell@kuvinlaw.com<br><br>*Attorneys for Plaintiff, Carmen Parra* | STEARNS WEAVER MILLER WEISSLER<br> ALHADEFF & SITTERSON, P.A.<br>150 West Flagler Street<br>Museum Tower, Suite 2200<br>Miami, Florida 33130<br>Telephone: (305) 789.3200<br>Facsimile: (305) 789.3395<br><br>s/Elitsa V. Yotkova<br>Elitsa V. Yotkova, Esq.<br>Florida Bar No.: 0113725<br>E-mail: eyotkova@stearnsweaver.com<br>Robert S. Turk, Esq.<br>Florida Bar No.: 261343<br>E-mail: rturk@stearnsweaver.com<br><br>*Attorneys for Defendants, R.F. Orchids, Inc.<br>and Robert Fuchs* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 14, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

> By: s/Elitsa V. Yotkova
> ELITSA V. YOTKOVA, ESQ.